UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:16CV02142 RLW |
| GATE GOURMET, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Upon review of the record, the Court will deny Plaintiff's motion.

On October 7, 2016, Plaintiff filed a charge of discrimination against Defendant with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Notice of Right-to-Sue Letter on October 16, 2016. (Compl. ¶¶ 7-8, ECF No. 1) On December 22, 2016, Plaintiff filed an Employment Discrimination Complaint in federal court, alleging discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, and in violation of the Equal Pay Act, 29 U.S.C.A. §§ 201. (Compl., ECF No. 1) Plaintiff alleges the terms and conditions of his employment differed from those of similar employees, and he also alleges harassment and retaliation. (Compl. ¶ 10) Specifically, Plaintiff, who was employed as a driver, alleges that Defendant reduced Plaintiff's rate of pay from $13.79 to $11.08 per hour without any notification because Plaintiff declined Defendant's offer of a different driver position. (Compl. ¶ 12) Plaintiff contends such pay reduction forced Plaintiff to quit his current position on July 12, 2016. (Compl. ¶ 12) Currently, Plaintiff claims his poverty prevents him

1

from obtaining an attorney and paying a reasonable attorney fee, despite diligent efforts to obtain such counsel. (ECF No. 4) After reviewing the motion, the affidavit in support, and the Complaint, the Court will deny Plaintiff's request for court-appointed counsel.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996) (quoting *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995)). "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.*

Upon review of Plaintiff's Complaint, the Court finds the appointment of counsel is not warranted at this time. Plaintiff only raises one claim, that Defendant reduced Plaintiff's hourly pay because Plaintiff refused to accept a different position, allegedly in violation of Title VII and the Equal Pay Act. Not only has Plaintiff clearly articulated and presented the relevant facts and legal claims, but neither the facts nor legal claims are complex. Additionally, Plaintiff appears able to further investigate the facts of his case. Based on the simplicity of Plaintiff's Complaint, the Court will deny the Plaintiff's Motion for Appointment of Counsel at this time. Plaintiff may renew his motion in the event such circumstances change in the future.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is **DENIED** without prejudice.

Dated this 10th day of April 2017.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

2